JOSEPH N. DU ROSS *vs.* PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

1. RAILROADS—CROSSING ACCIDENT—ACTIONS—DECLARATION.

In an action for injuries in a crossing collision, a count alleging that the crossing was a peculiarly dangerous one because of facts therein alleged, that it was defendant's duty to give such timely notice or warning of the approach of its train as the unusual and peculiar dangers demanded, that the defendant, not regarding its duty, negligently drove a train at a great rate of speed across the highway, without giving due and timely notice or warning of its approach, in that it did not place a flagman, watchman, or proper signal, or maintain a safety gate at the crossing, was not defective on the ground that there was no duty on the part of the company to station a flagman or watchman or maintain a safety gate, as the declaration did not allege that such was its duty, or that its failure to station a flagman or watchman, or to maintain a safety gate, was negligence, but merely pleaded these as tending to show that defendant negligently failed to give due and timely notice of the train's approach, and this was not such a pleading of matters of evidence as made the count bad in law.

2. RAILROADS—CROSSING ACCIDENT—ACTIONS—DECLARATION.

In an action for injuries in a crossing accident, which it was alleged was a peculiarly dangerous one, an allegation that defendant failed to give due and timely warning of the approach of the train to such crossing sufficiently informed defendant of the act of negligence charged, as the duty to give due and timely notice was not so complicated or so varied in its performance as to require a more specific allegation.

*(December* 17, 1914.)

Judges BOYCE and RICE sitting.

*Edwin R. Cochran, Jr.,* and *Reuben Satterthwaite, Jr.,* for plaintiff.

*Andrew C. Gray* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, November Term, 1914.

ACTION OF TRESPASS ON THE CASE (No. 93, March Term, 1914), brought by the plaintiff against the defendant railroad company to recover damages for personal injuries alleged to have been occasioned through the negligence of the defendant. General demurrer to the seventh count of plaintiff's declaration.

The facts appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

This action was brought by Joseph N. Du Ross, the plaintiff, against the defendant railroad company, to recover damages for personal injuries, resulting from a collision of a wagon in which the plaintiff was riding, and a train operated by the defendant company.

The defendant demurred generally to the seventh count in the declaration.

[1] The plaintiff alleges the crossing in question to be a peculiarly dangerous one and sets forth in detail, the circumstances and surroundings which make it so; that it was the duty of the defendant to give such timely notice or warning of the approach of its locomotive and train of cars to the crossing, as the unusual and peculiar dangers thereof demanded; that the defendant not regarding its duty in this respect, did negligently and carelessly drive and propel a certain locomotive and train of cars at a great rate of speed in a northerly direction across the public highway, without giving due and timely notice or warning of the approach of the locomotive and train of cars, in that it did not place a flagman, or watchman, or proper signal, or maintain a safety gate at said crossing, whereby the wagon in which the plaintiff was riding was struck and the plaintiff injured, etc.

Counsel for the defendant claims that there was no duty on

Demurrer Overruled.

the part of the company to station a flagman, watchman, or maintain a safety gate at the crossing in question.

It will be noticed that the plaintiff avers it was the duty of the defendant to give such due and timely notice or warning of the approach of its locomotive as the peculiarly dangerous character of that particular crossing demanded. The charge is made that the defendant negligently failed to perform this duty, in that it did not station a flagman, etc., at the crossing in question.

While the plaintiff does state that the defendant failed to place a flagman, etc., at the crossing, he does not charge that it was the defendant's duty to do so, nor that the company's negligence was its failure in this respect. This statement on the part of the plaintiff is pleading some of the facts and circumstances by means of which he intends to prove that the defendant negligently failed to give due and timely notice of the approach of its train to the crossing.

[2] The averment that the defendant failed to give due and timely warning discloses the negligence charged against it. The duty to give due and timely notice, is neither so complicated, nor so varied in its performance, that the defendant is not informed of the act of negligence with which it is charged. *Lofland's Brickyard Crossing Cases, ante,* 91 *Atl.* 285.

But the fact that the plaintiff, in his pleading has gone further than required by law, and pleaded some of the facts entering into the defendant's failure to give due and timely warning, is not pleading matters of evidence to the extent that will make the count bad in law by reason thereof.

We are of the opinion that the count is good in law, and we therefore overrule the demurrer.